Thank you, your honors. May it please the court, my name is Sarah Kunstler and I'm the Your honors, this is not an easy case. The facts of this case, conduct which my client pleaded guilty is abhorrent, but the U.S. Constitution and our system of laws do not apply with any less force to sex offenders. Mr. Berry's plea was not knowing or intelligent because he requires courts to inform defendants of any maximum and any minimum. This did not happen. My client was told the minimum, but he was not told the maximum. He was told the maximum per count, right? And I know you said in your reply you're not asking us to overrule Adams, but this seems to be exactly Adams where a judge said this is your maximum per count and you're saying no, that's a violation of Rule 11 because you have to add it up for the defendant. In Adams we said, and we cited every other Well, you know, it's not just about Adams here because this is about a case in which he was not informed of the maximum, not just informed that his sentence could be run consecutively. This is a case where he did not have a plea agreement that told him what his exposure was. This is a case where he did not have a Pimentel letter that told him what his exposure was. But didn't the government file a written order of proof that said that the maximum term of imprisonment would be 30 years per count? And then in the plea there was an acknowledgement that he had reviewed that, the offer of proof. And I think there was also a reference per count by the government during the plea hearing itself. The offer of proof, the first document that my client had to review his sentencing exposure at all, was filed on the morning of the plea. His attorney did affirm that he reviewed it with my client. However, that document itself doesn't, you know, it says per count and then it doesn't even say, at the point where it says per count, it doesn't even say six counts. You go pages and pages later in that document to where it refers to the fact that there are actually six counts. In fact, your client, when he wrote these letters, trying to argue for a speedy trial violation, I think, at age 70, says, and this is not long after the plea, this is September 2001, says, I'm looking at 30 plus years for just talking about it. Isn't that an acknowledgement that even then he understood each count was only 30 years? So if he says I'm looking at 30 plus years, isn't that clear? He understands that it could be consecutive, otherwise you can't go, there would be no plus there, right? I'm looking at 30 years, he would say, right? I understand it's 30 plus, but 30 plus years is a far cry from his actual exposure here. Well, it just shows you that he understood that it could be consecutive. Otherwise, he would have just said, I could get up to 30 years, right? Critically, also, it's a letter that was written after he pled, not before he pled. So it's not indicative of his knowledge at the time of his plea. I know, but he's not saying to the judge, I want my plea back, because I completely misunderstood. I now understand I'm looking at 30 plus years. I thought it was only going to be 30. Instead, he's arguing for his plea trial violation. Don't you think that's telling? Well, here, this is a pro se filing. This is a defendant arguing for himself. Pro se filings are supposed to be construed liberally, in the favor of the defendant. They're not supposed to be construed strictly. This does go to the second point of my brief, Your Honor. Can I stay on the first one for a second? Sure. Which is that we can't look at that and then look back and say that that's what my client knew. Here, we have a case where we have Rule 11. Rule 11 says what judges are supposed to put on the record, what they're supposed to say in open court. That was not done here. And here, unlike Adams, we have all these other. Explain exactly, in light of Adams, what it was that the court did not do that it should have done. Well, the court asked. Under Rule 11. Yes, the court asked the government to recite the exposure. And here, the government did not do that either. Here, the maximum was also my client's guidelines. Nowhere are those guidelines announced at any point as he's taking this plea. He's entitled to knowingly and intelligently know what his guidelines are, what his maximum is, and what his minimum is. It's not precisely the Adams situation, and it's compounded by the fact that there was no document here. There's no plea agreement and no penalty to guide him in making that decision. You know, further, it's. So Rule 11 required the district court, in your view, to state what the guidelines range was and to state, notwithstanding Adams, that there was a, that the court was entitled to look at these sentences consecutively rather than concurrently, even though that's not ultimately what happened in any event. I think it's the totality of the circumstances here that shows that his plea wasn't knowing or voluntary. And I think it was. So, yes, it's not. Rule 11 states that a court is required to state the minimum and the maximum. It does not state the court is required to state the guidelines. But here, we have no knowledge here that my client knew the guidelines at all when he took this plea. And not knowing, not having any record that he had that understanding of his exposure shows that his plea was neither knowing nor voluntary. Now, turning. He was counseled throughout. What? He was counseled throughout. Well, he wasn't counseled throughout, and that goes to the uncounseled submissions that he submitted. And, you know, in terms of those submissions, the judge didn't give him a Ferretti hearing. So there was no one ascertained that he was capable of representing himself in court. I don't understand that argument. It's pretty common for a defendant to put in a letter in connection with sentencing, handwritten, even though they have a lawyer expressing their remorse. You know, that happens a lot, right? You're suggesting that if a defendant writes a letter to the judge in connection with his case, that if it shows either remorse or, in this case, a lack of remorse, that a judge commits error by considering the letter. I think that would be an unprecedented ruling by this court. I don't think any court has ever said if someone chooses to write the court and shows a lack of remorse in the letter, that somehow you have to ignore that. This was a legal motion followed by two subsequent filings. When a defendant submits a sentencing letter for consideration by the court, when they're counseled, they do it through counsel. The counsel submits that letter. They don't submit that letter on their own. But in the context of a legal motion, if someone expresses a complete lack of remorse, you're suggesting that the judge can't, because it's in the context of a legal motion, they have to ignore that? In order to consider legal motion as a legal motion, the court has to conduct a Ferretti hearing and make some findings. For the legal motion, the judge is considering it because in that paper that he wrote, he showed a lack of remorse. And also, the same lack of remorse was shown during the pre-sentence report, during the interview in paragraph six. It's almost verbatim, the exact same line that was in the pro se submission. Like, I don't know what I did wrong. All I did was talk. I didn't do, quote unquote, do anything. And the judge said that's showing no understanding of the seriousness of directing the sexual acts and manipulating the co-conspirator to commit those sexual acts. And you're saying, no, the judge can't consider that? Here, the government argued that the defendant had no ability to submit this, and it should not be considered in any way when the government was arguing against the motion. The defendant is not representing himself. The court should exclude this. The court ruled, I'm dismissing this motion for the reasons articulated by the government. So the court is, in essence, saying, you're right, government. I have no ability to construe. This defendant has no ability to write this, no authority to write this. I'm rejecting it. I cannot consider it because this is a counsel defendant. The judge didn't hold a Ferretti hearing and say, I'm permitting a hybrid representation. They dismissed the motion on the basis that the government argued, which is, I cannot consider this in any way. I have no, you know, this defendant has no authority to submit this. To say that, to dismiss it on that basis, and then later use that same document against the defendants at his sentence, at his sentencing, defies rationality. You either consider it, you either allow him to represent himself and consider his motion, or you don't consider it. What was the difference between what he said in that letter and what he said in paragraph 6 of the PSR? What was different? If the court had limited its consideration to paragraph 6 of the PSR, that would have been different. But the government made its arguments on the basis of my client's uncounseled pro se submission, which it also argued the court should not be able to consider in any way. And the judge based its sentencing in part on my client's uncounseled submissions. So that's the difference. If the court could have, but did not base it solely on the PSR. And then in terms of the sentence, this is a 12-page sentencing transcript. It is perhaps the shortest sentencing transcript I have ever seen. And as this Court recently held in U.S. v. Pew, more is required here. You cannot look at this sentencing transcript and understand the judge's reason for imposing this sentence. The judge failed to explain why the total punishment was sufficient but not greater than necessary. Thank you. May it please the Court. Paul Solver on behalf of the government. Review of Barry's challenge to the plea allocution is for plain error only because there was no objection below. And Barry, first of all, I would say that there was no error. Barry was advised by a statement of the prosecutor that the maximum penalty per count was 30 years and the minimum per count was 15 years. And as the Court has already mentioned, defense counsel advised the district court that he had reviewed the offer of proof which contained the same information prior to the sentencing hearing and that Mr. Barry indicated he understood everything that was in the offer of proof. So the defendant was advised of the statutory penalties. In the government's estimate of the guidelines, there was an error, but I would submit to you a meaningless error. The government indicated its expectation that the guideline term of imprisonment would be life when in fact it turned out to be 180 years, which I think is the functional equivalent. And even after Mr. Barry and his counsel had the benefit of the pre-sentence report, there was no indication that Mr. Barry would not have entered his plea had he known it was 180 years instead of life. So I don't think there was error during the plea allocution and certainly not plain error. The district court clearly had discretion to consider the pro se submission by the defendant. It is true, as my adversary points out, that at the time of sentencing, the district court denied Mr. Barry's pro se motion to dismiss on speedy trial grounds for the reasons stated in the government's memorandum of law in opposition to that motion. But the fact that the government's argument that Mr. Barry was represented by counsel and that was a basis for denial was not the only thing argued in that motion. The government also argued on the merits that it had been waived by the entry of the guilty plea, the claim of speedy trial error, and that on the merits there was no statutory or constitutional speedy trial error. So the district court indicated that it was denying the motion based on all of the grounds in the government's opposition. Moreover, as the court is aware- You're saying that it's not true that the district court rejected any consideration of the pro se submission. Well, the court clearly considered it. Whether the court-I don't think the record indicates that the court denied the motion. The mere fact that the court denied the motion indicates that there was consideration. I suppose I would leave it at that. Would there be a difference between denying it because it was uncounseled and should have been submitted to the attorney versus denying it on the merits? And you're saying it's unclear? Well, what I'm saying is if the court wasn't going to consider it, I think the court would have said I'm not going to consider it because you have an attorney, not I'm going to deny it because you have an attorney. With respect to the court's authority to consider the pro se submission, we know that Section 3661 of Title 18 indicates that no limit should be placed on the district court's- on the information that the district court considered at the time of sentencing. And finally, I don't think there was plain error in the district court's explanation for its sentence. The court indicated it had considered all of the submissions prior to the sentencing hearing, had considered the factors, indicated that the sentence was based on the seriousness of the offense, the fact that Mr. Berry manipulated his wife in committing this offense and had not really shown remorse for the offense. Judge Bianco, I just wanted to say that as I read Paragraph 6 of the pre-sentence report, that's not a separate statement by the defendant. I think the probation office was just recounting the- Oh, so that wasn't said during the interview?  Yes, Your Honor. That's the way I read that. And unless the court has any other questions, I'm prepared to rely on the papers. Thank you. Thank you, Your Honors. If that is the government's reading that the PSR was just recounting that statement, then we are only dealing with that statement. I want to underscore here that the government- The judge also referred to the fact that at the sentencing, he didn't show any acknowledgement. He said he was sorry to the victim's grandparents and to the court and didn't acknowledge anything about the victim, right? So that was part of it, too. I understand you're saying the judge said he considered all these things, but there was no remorse shown at the sentencing either, right? Well, my client did make a statement of remorse at the sentencing. How the judge considered that or- Not an acknowledgement of the severity of the harm to the victim would be a better way of putting it. That's what the judge said. He doesn't understand the severity of the harm, right? So that would be true at the sentencing itself, right? Yes, Your Honor. I do want to point out that in terms of your colloquy with the government, that the government's first and primary argument in its submission against my client's motion was that the court could not consider it because it was uncounseled. The court then- it was just a single line. I deny for the reasons argued by the government. There's no telling from that statement whether the court was considering it on the merits or not. I guess I'm wondering what makes a difference in light of the strong statutory command that no limitation will be placed on the information that the court may consider in devising an appropriate sentence. That's no information regarding the defendant's character or conduct. I mean, it's a pretty clear directive. Well, I think that's coming into attention with how courts treat uncounseled motions, right? This was not a sentencing submission. It was not submitted for the purpose of sentencing. And I think it's important that, Your Honors, that we have some clarity on that from the court, what courts that sentencing can and cannot consider, particularly in situations like- What would the authority be? For excluding it from any consideration. If it was- if it's an uncounseled submission that a defendant had no authority to submit and the court denies it based on the fact that the defendant had no- denies it not on the merits but based on the fact that the defendant had no authority to submit it. I do just- I know I only have a few more seconds here, and I do want to say that I do think that this is plain error, particularly I want to highlight my point one, which is that I do think, Your Honors, have evidence that there are reasonable probabilities this year that but for the error, my client would not have entered the plea. He made this plea on the eve of trial without any documents in front of him other than a document he got that day. Within barely two months after the pleading, he began a series of pro se filings asking to withdraw his plea. My client is not a learned man. He did not graduate high school. The record has his mental difficulties, mitigating circumstances about sex abuse in his own family, and the writings themselves, Your Honor, are of a quality that is lower than my own fourth grade child. Here is a person who didn't have any documents in front of him that set out for him what he was facing. And taken together, I think a reasonable probability exists that he would not have entered the plea if he had been given at least a scrap of information explaining to him what those circumstances were. Thank you. We'll take the matter under advisement. Thank you both. That's the last case to be argued this morning, so I'll ask the Deputy Clerk to adjourn court. Court is adjourned.